# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IHASSAN F. DAHLEH, ) | |
| ) | |
| Defendant-Appellant, ) | |
| ) | No. 17 C 8005 |
| v. ) | |
| ) | Judge Sara L. Ellis |
| Anna Mustafa and Ghazi Mustafa, ) | |
| ) | |
| Plaintiffs-Appellees. ) | |

## OPINION AND ORDER

Over the course of the proceedings in this case, Plaintiff-Appellees Anna and Ghazi Mustafa (together, the "Mustafas") considered switching attorneys, and part of their determination included a meeting between Anna Mustafa and Attorney David Lloyd to discuss the Mustafas' case. The Mustafas ultimately decided against changing attorneys and declined to retain Lloyd. A year later, Lloyd appeared in the case—on behalf of their adversary, Defendant-Appellant Ihassan F. Dahleh. In light of this, the Mustafas move to disqualify Lloyd from representing Dahleh. Because the Mustafas have not shown (or even argued) that Lloyd's representation of Dahleh would cause them "significant harm," the Court denies their motion to disqualify.

## BACKGROUND

Dahleh petitioned for Chapter 7 bankruptcy in 2015. His debts included a $452,300.00 loan from the Mustafas. The Mustafas then filed an adversary proceeding related to Dahleh's bankruptcy, in which they sought to prevent Daleh from discharging his debt to them. After a trial on the matter, the Bankruptcy Court entered judgment in favor of the Mustafas. Dahleh then instituted this appeal.

According to both Anna Mustafa's sworn statement and David Lloyd's "disclosure of potential conflict of interest," Lloyd first became involved in this case in September 2016 when he met with Anna Mustafa to discuss the possibility of representing the Mustafas in this case (at the time, the Mustafas were considering hiring new counsel). *See* Doc. 7, Exs. A and B. Anna Mustafa and Lloyd met for over an hour, though the parties dispute what was discussed at this meeting. *Id.* The Mustafas decided not to hire Lloyd, notifying him of this by email later that month. *Id.*, Ex. B. A year later, Lloyd appeared in the case, on behalf of Dahleh rather than the Mustafas. The Mustafas then filed this motion to disqualify Lloyd as Dahleh's counsel.

## LEGAL STANDARD

A motion to disqualify requires a two-step analysis where the Court (1) considers whether there is an ethical violation and then, if so, (2) determines whether disqualification is appropriate to remedy the violation. *alfaCTP Sys., Inc. v. Nierman*, No. 15-cv-9338, 2016 WL 687281, at *4 (N.D. Ill. Feb 19, 2016). Disqualification of counsel is a "drastic measure" imposed only "when absolutely necessary." *Black Rush Mining, LLC v. Black Panther Mining*, 840 F. Supp. 2d 1085, 1089 (N.D. Ill. 2012) (quoting *Schiessle v. Stephens*, 717 F.2d 417, 420 (7th Cir. 1983)). Because disqualification deprives a party of the representation of their choosing, disqualification motions—although sometimes legitimate and necessary—are "viewed with extreme caution for they can be misused as techniques of harassment." *Freeman v. Chicago Musical Instrument Co.*, 689 F.2d 715, 721 (7th Cir. 1982). "There must be solid evidence to support an allegation of conflict." *Fematt v. Finnigan*, No. 11-cv-1530, 2012 WL 3308759, at *2 (N.D. Ill. Aug. 13, 2012). The moving party therefore bears a heavy burden of proving the facts required for disqualification. *alfaCTP Sys.*, 2016 WL 687281, at *4; *Guillen v. City of Chicago*, 956 F.Supp. 1416, 1421 (N.D. Ill. 1997).

# ANALYSIS

The Mustafas argue that the Court should disqualify Lloyd from representing Dahleh because Anna Mustafa previously met with Lloyd regarding retaining him in this particular case. Dahleh maintains that Lloyd did not discuss confidential or privileged information with Anna Mustafa during their meeting, and she provided no documents to him beyond the email she later sent him informing him that she had decided not to retain him as counsel.

The Northern District of Illinois adopted the American Bar Association's Model Rules of Professional Conduct in Local Rule 83.50. This disqualification motion primarily concerns two of those rules. Rule 1.9 provides:

> A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

Model Rules of Prof'l Conduct r. 1.9(a). Rule 1.18(c) slightly modifies Rule 1.9 when it concerns a former prospective client. It provides:

> A lawyer . . . shall not represent a client with interests materially adverse to those of a prospective client in the same or a substantially related matter if the lawyer received information from the prospective client that could be *significantly harmful* to that person in the matter . . .

Model Rules of Prof'l Conduct r. 1.18(c)(emphasis added). Rule 1.18(c) goes on to list two exceptions that do not apply in this case. The ABA expanded upon this rule in comment 6, noting that "[e]ven in the absence of an agreement, . . . the lawyer is not prohibited from representing a client with interests adverse to those of the prospective client in the same or a substantially related matter unless the lawyer has received from the prospective client information that could be significantly harmful if used in the matter." *Id.*, comment 6. Essentially, disqualification due to a former prospective client requires the same analysis as

disqualification for a former client, with an additional requirement. Rather than merely receive confidential information, as is necessary for disqualification in the former client context, the lawyer must have received information that is "significantly harmful" to the former prospective client. *See Factory Mut. Ins. Co v. APComPower, Inc.*, 662 F. Supp. 2d 896, 900 (W.D. Mich. 2009). Thus, for disqualification to be proper, the Mustafas must establish that (1) an attorney-client relationship existed between them and Lloyd, *see Black Rush Mining*, 840 F. Supp. 2d at 1090 (analyzing attorney-client relationship first when determining whether client conflict existed); (2) Lloyd's former representation of the Mustafas is "substantially related" to his representation of Dahleh, *Analytica, Inc. v. NPD Research, Inc.*, 708 F.2d 1263, 1266–67 (7th Cir. 1983) (discussing whether the two representations are "substantially related"); and (3) while representing the Mustafas, Lloyd received information that could be substantially harmful to them in this matter.

First, the Court turns to whether the Mustafas had an attorney-client relationship with Lloyd. "The fiduciary relationship existing between lawyer and client extends to preliminary consultation by a prospective client with a view to retention of the lawyer, although actual employment does not result." *Westinghouse Elec. Corp. v. Kerr-McGee Corp.*, 580 F.2d 1311, 1319 (7th Cir. 1978). Rule 1.18 defines a prospective client as "[a] person who consults with a lawyer about the possibility of forming a client-lawyer relationship with respect to a matter." Model Rules of Prof'l Conduct r. 1.18(a). Neither party disputes that the Mustafas qualify as Lloyd's former prospective clients. Lloyd concedes that he met with Anna Mustafa to discuss the potential of being retained in this matter, and so the Court finds that the Mustafas are his former prospective clients.

4

Having determined that the Mustafas qualify as former prospective clients, the Court finds it unnecessary to address whether the two representations were substantially related because the Mustafas have not established that Anna Mustafa provided Lloyd with information that could be significantly harmful to the Mustafas in this matter. The Mustafas' motion and reply is silent on this issue, and Dahleh argues that the information that Lloyd received during his meeting with Anna Mustafa could not be "significantly harmful" to the Mustafas in this matter. As noted above, the burden is on the movants to establish that disqualification is appropriate, and that burden is a heavy one. *alfaCTP Sys.*, 2016 WL 687281, at \*4; *Guillen v. City of Chicago*, 956 F.Supp. at 1421. District courts that have found a showing of "significant harm" have had considerably more details regarding the information provided to the lawyer by the former prospective client. *See Cascades Branding Innovation, LLC v. Walgreen Co.*, No. 11 C 2519, 2012 WL 1570774, at \*8–9 (N.D. Ill. May 3, 2012) (discussing emails submitted to the Court that reflected the lawyer's representation of the former prospective client); *De David v. Alaron Trading Corp.*, 10 CV 3502, 2012 WL 1429564, at \*1 (N.D. Ill. Apr. 23, 2012) (considering the information discussed in the meetings between the lawyer and former prospective client).

Given that the Mustafas do not address this issue in their motion, the Court turns to the Exhibits submitted in support of their motion. According to Anna Mustafa's sworn statement, she met with Lloyd for over an hour. Doc. 7, Ex. A. Other than that, the details are vague. During their meeting, Anna Mustafa states that she showed Lloyd "a number of documents," they discussed "many aspects of the case," and Lloyd "repeatdley [sic] gave [her] advice." *Id.* Dahleh counters with Lloyd's disclosure of potential conflict of interest, where Lloyd asserts that they "discussed the general nature of the case" but "did not discuss the factual issues in the case"

5

and that he believes that he "did not receive 'information that would be significantly harmful' to the Mustafas." Doc. 7, Ex. B (quoting Rule 1.18 of the Illinois Rules of Professional Conduct, which mirrors the ABA rule). The Court simply does not have enough information before it to determine that Lloyd obtained significantly harmful information during his meeting with Anna Mustafa. Anna Mustafa's sworn statement does not even explicitly state that confidential information was exchanged at this meeting. Under the facts that the Mustafas presented, though it is possible that Anna Mustafa gave Lloyd information that could be significantly harmful to the Mustafas' case, it is equally possible that Anna Mustafa and Lloyd discussed the case at a level of generality that would not be significantly harmful to them at this point in the case. The Mustafas have failed to bear their burden of showing that they presented information to Lloyd that would be significantly harmful to them. Thus, the Court denies their motion to disqualify.

## CONCLUSION

For the foregoing reasons the Court denies the motion to disqualify [7] David Lloyd as counsel for Dahleh.

Dated: March 5, 2018

_____
SARA L. ELLIS
United States District Judge